UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

 DIMITRIOS G.,

         Plaintiff,

v.                     1:20-CV-1171
                     (WBC)
COMMISSIONER OF SOCIAL SECURITY,

          Defendant.
_____

APPEARANCES:              OF COUNSEL:

LAW OFFICES OF KENNETH HILLER, PLLC  KENNETH HILLER, ESQ.
 Counsel for Plaintiff            ANTHONY ROONEY, ESQ.
6000 North Bailey Ave, Ste. 1A
Amherst, NY 14226

U.S. SOCIAL SECURITY ADMIN.      JASON PECK, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II
 Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

William B. Mitchell Carter, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

The parties consented, in accordance with a Standing Order, to proceed before the undersigned. (Dkt. No. 15.) The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons discussed below, Plaintiff's motion is denied, and the Commissioner's motion is granted.

**I.  RELEVANT BACKGROUND**

### A. Factual Background

Plaintiff was born in 1975. (T. 67.) He completed the 8th grade. (T. 174.) Generally, Plaintiff's alleged disability consists of varicose veins, obesity, anxiety, and depression. (T. 173.) His alleged disability onset date is October 1, 2016. (T. 67.) His date last insured is September 30, 2022. (T. 68.)

### B. Procedural History

On November 21, 2017, Plaintiff applied for a period of Disability Insurance Benefits ("SSD") under Title II, and Supplemental Security Income ("SSI") under Title XVI, of the Social Security Act. (T. 67.) Plaintiff's applications were initially denied, after which he timely requested a hearing before an Administrative Law Judge ("the ALJ"). On September 19, 2019, Plaintiff appeared before the ALJ, John Loughlin. (T. 32-66.) On November 22, 2019, Loughlin issued a written decision finding Plaintiff not disabled under the Social Security Act. (T. 7-26.) On July 6, 2020, the AC denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (T. 1-6.) Thereafter, Plaintiff timely sought judicial review in this Court.

### C. The ALJ's Decision

Generally, in his decision, the ALJ made the following five findings of fact and conclusions of law. (T. 12-22.) First, the ALJ found Plaintiff met the insured status requirements through September 30, 2022 and Plaintiff had not engaged in substantial gainful activity since October 1, 2016. (T. 12.) Second, the ALJ found Plaintiff had the severe impairments of: morbid obesity, bilateral plantar fasciitis, major depressive disorder, generalized anxiety disorder, a panic disorder, and posttraumatic stress disorder ("PTSD"). (T. 13.) Third, the ALJ found Plaintiff did not have an impairment

that meets or medically equals one of the listed impairments located in 20 C.F.R. Part 404, Subpart P, Appendix. 1. (*Id.*) Fourth, the ALJ found Plaintiff had the residual functional capacity ("RFC") to perform medium work as defined in 20 C.F.R. §§ 404.1567(c) and 416.967(c); except:

> he can stand and/or walk for up to four hours in an eight hour workday; can frequently balance, stoop, kneel, crouch, and crawl, can occasionally climb stairs and ramps, can occasionally climb ladders, ropes, and scaffolds, and can occasionally be exposed to unprotected heights and moving machinery parts. [Plaintiff] can have occasional exposure to dust, noxious odors and fumes, and poor ventilation. He is able to understand and remember simple instructions, make simple work related decisions, carry out simple instructions, and can occasionally deal with the public.

(T. 16.)[1] Fifth, the ALJ determined Plaintiff had no past relevant work; however, there were jobs that existed in significant numbers in the national economy Plaintiff could perform. (T. 20-21.)

## II. THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A. Plaintiff's Arguments

Plaintiff makes one argument in support of his motion for judgment on the pleadings. Plaintiff argues the ALJ erred in failing to include all of the consultative examiner's social limitations or to articulate a reason why Plaintiff was only limited in interacting with the public. (Dkt. No. 12 at 10-17.) Plaintiff also filed a reply in which he reiterated his original argument. (Dkt. No. 16.)

### B. Defendant's Arguments

---

[1] Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work. 20 C.F.R. §§ 404.1467(c), 416.967(c).

3

In response, Defendant makes one argument. Defendant argues the RFC adequately considered the consultative examiner's assessment for no more than moderate social limitations. (Dkt. No. 13 at 6-11.)

## III. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

IV.  **ANALYSIS**

Plaintiff argues the ALJ failed to properly assess the opinion of the consultative examiner because the ALJ found the opinion "partially persuasive," but failed to include the examiner's limitations in Plaintiff's ability to interact with coworkers and supervisors. (Dkt. No. 12 at 10-17.)  Plaintiff argues the ALJ's error left the RFC "ultimately unsupported."  (*Id.*)  For the reasons outlined below, the ALJ properly assessed the consultative examiner's opinion and the social limitations provided in the RFC were supported by substantial evidence.

The ALJ must articulate how he considered certain factors in assessing medical opinions.  *See* 20 C.F.R. §§ 404.1520c(a)-(c), 416.920c(a)-(c).  The regulatory factors are: (1) supportability, (2) consistency, (3) relationship with the claimant (which has five sub-factors of its own to consider), (4) specialization, and (5) other factors.  *Id*. §§ 404.1520c(c), 416.920c(c).  An ALJ must explain his approach with respect to the first two factors when considering a medical opinion, but need not expound on the remaining three.  *Id*. §§ 404.1520c(b), 416.920c(b).  The ALJ is tasked with analyzing medical opinions at the source-level, meaning that the ALJ need not discuss each and every medical opinion in the record, and may apply the factors holistically to a single medical source.  *Id*. §§ 404.1520c(b)(1), 416.920c(b)(1).

The ALJ properly assessed Plaintiff's social limitations, concluding the consultative examiner's opinion, as well as other objective evidence in the record and Plaintiff's ability to work part time, supported a limitation to occasional interaction with

6

the public. As the Second Circuit stated in *Lawler v. Astrue*, 512 F. App'x 108, 112 (2d Cir. 2013):

> [w]hile other sources had stated that Lawler had moderate difficulties in concentration and dealing with others, the ALJ correctly noted that either many of these opinions were still consistent with a capability to perform unskilled work or that there were reasons to afford them less weight than others. Moreover, Lawler had previously worked despite these difficulties, and stopped working only because of an injury to his back.

On March 27, 2018, Gregory Fabiano, Ph.D., conducted a psychiatric evaluation and provided a medical source statement. (T. 302-306.) Dr. Fabiano opined Plaintiff had mild limitations in applying simple directions and instructions; and moderate limitations in understanding, remembering, and applying complex directions and instructions; interacting with others; sustaining concentration; and regulating emotions. (T. 304-305.)

The ALJ found Dr. Fabiano's opinion "partially persuasive." (T. 18.) The ALJ concluded most of the opined limitations were supported by the doctor's examination report and other treatment evidence. (*Id*.) However, the ALJ determined the doctor's opinion of moderate limitations in Plaintiff's ability to regulate his emotions, control his behavior, and maintain well-being, was not consistent with the record. (*Id*.) In support of his determination, the ALJ provided evidence in the record of "unremarkable mental observations" and Plaintiff's ability to perform a "wide variety of activities of daily living independently." (*Id*.)

Although Plaintiff argues the ALJ failed to include all of Dr. Fabiano's social limitations, a reading of the ALJ's decision indicates he adopted Dr. Fabiano's social limitations. As stated by the ALJ in his decision, he adopted the doctor's limitations, except those relating to Plaintiff's ability to regulate his emotions, control his behavior,

and maintain well-being. (T. 18.) Indeed, consistent with the doctor's opinion, the ALJ limited Plaintiff to unskilled work with occasionally contact with the public. (T. 16.) Elsewhere in his decision the ALJ stated the objective evidence in the record supported the conclusion that Plaintiff's mental impairments "generated up to moderate limitation" in his ability to "interact with others." (T. 18.) Therefore, contrary to Plaintiff's assertion, the ALJ's decision indicates he adopted Dr. Fabiano's moderate social limitations in the RFC by limiting Plaintiff to occasional interaction with the public.

Second Circuit caselaw further supports the conclusion that the ALJ adopted the doctor's moderate social limitations and such limitations would not necessarily prevent Plaintiff from performing the basic mental demands of work. The Second Circuit has held that moderate limitations in work related functioning does not significantly limit, and thus prevent, a plaintiff from performing unskilled work. *Zabala v. Astrue*, 595 F.3d 402, 410 (2d Cir. 2010) ("None of the clinicians who examined [plaintiff] indicated that she had anything more than moderate limitations in her work-related functioning, and most reported less severe limitations."); *see Whipple v. Astrue*, 479 F. App'x. 367, 370 (2d Cir. 2012) (consultative examiners' findings that plaintiff's depression caused moderate limitations in social functioning ultimately supported the ALJ's determination that plaintiff was capable of performing work that involved simple tasks and allowed for a low-stress environment).

Substantial evidence in the record, including Dr. Fabiano's opinion, supports the ALJ's social limitations provided in the RFC. In his decision, the ALJ considered treatment records which reflected "signs consistent with social limitation, including withdrawn attitudes, depressed and anxious moods, slow speech, and preoccupied

thought content." (T. 14.) However, the ALJ also considered evidence in the record describing Plaintiff as friendly, polite, and cooperative. (*Id*.) Indeed, treatment notes described Plaintiff as cooperative and/or friendly. (T. 318, 341, 349, 355, 430, 451.) Moreover, despite testifying he had difficulty being around people (T. 43), Plaintiff was able to go to the movies, go to concerts, go out to eat in restaurants, take public transportation, and travel (T. 55-58, 334, 432).

In addition, Plaintiff worked part-time during the relevant period doing inventory, which indicated he could work around people. *Lawler,* 512 F. App'x at 112 (plaintiff previously worked despite mental difficulties and stopped working only because of an injury to his back). During the relevant time period Plaintiff was employed part-time as an inventory specialist. (T. 302.) Plaintiff's representative stated at the hearing he worked part-time due to physical, not mental, problems. (T. 37.) Plaintiff testified he reduced his work from full to part-time due to physical, not mental, limitations. (T. 38-40.) Therefore, Plaintiff's ability to work part-time supported the ALJ's RFC that he could perform work around others.

Overall, the ALJ properly evaluated Dr. Fabiano's opinion; and the RFC, limiting Plaintiff to occasional contact with the public, was supported by substantial evidence in the record. Moderate limitations would not preclude Plaintiff from performing simple routine work and substantial evidence in the record supported the ALJ's mental RFC social limitations.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 12) is **<u>DENIED</u>**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 13) is **GRANTED**; and it is further

**ORDERED** that Defendant's unfavorable determination is **AFFIRMED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated: June 23, 2021

*/s/ Bill Carter*
William B. Mitchell Carter
U.S. Magistrate Judge